**Opinion issued September 25, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00998-CV

————————————

**CARLOS WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1352071**

---

**MEMORANDUM OPINION**

Pursuant to an agreement with the State, appellant, Carlos Williams, pleaded

guilty to the offense of aggravated sexual assault of a child younger than fourteen

years of age.[1] The trial court accepted the plea agreement, assessed appellant's punishment at confinement for twelve years, and certified that this is a plea-bargained case and he has no right of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may appeal only those matters that were raised by written motion and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. Art 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has a right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record and states that this is a plea-bargained case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

---

[1] *See* TEX. PEN. CODE ANN. § 22.021(a)(1)(B), 2(B) (West Supp. 2014).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).

3